OPINION OF THE COURT
Con. G. Cholakis, J.
The petitioners, residents of the Town of Oyster Bay, New York, have commenced this proceeding to obtain judgment pursuant to CPLR article 78 permitting them to have access to and inspection of field auditor’s reports and work papers produced in connection with an audit of the Town of Oyster Bay by the Department of Audit and Control of the State of *697 New York. The petitioners’ demands are made pursuant to section 87 et seq. to the Public Officers Law (New York State Freedom of Information Law). Access to the requested material was denied by the Department of Audit and Control upon that department’s determination that such denial was authorized in accordance with section 87 (subd 2, par [g]) of the Public Officers Law. Section 87 (subd 2, par [g]) provides that each agency shall make records available except that access may be denied to records or portions of records that "are inter-agency or intra-agency materials which are not:
"i. statistical or factual tabulations or data;
"ii. instructions to staff that affect the public; or
"iii. final agency policy or determinations”.
Upon this proceeding the respondents maintain that the materials sought must be viewed as intraagency materials that are not statistical or factual tabulations or data and that, accordingly, under the quoted statute access to the same may be denied in the proper exercise of discretion. The respondents support their position with reference to the parallel Federal statute (US Code, tit 5, § 552) and decisions made thereunder (EPA v Mink, 410 US 73; International Paper Co. v Federal Power Comm., 438 F2d 1349, cert den 404 US 827). The respondents argue that under the cited authority there is a distinction to be made between purely factual material and deliberative memoranda reflective of the opinions, policies or recommendations of the public officers and employees and which thus reveal their mental processes. More particularly, the respondents argue that the material sought has been compiled as part of an auditing function in which inquiry is being made into the policies of the town being audited for the purpose of approving or disapproving its manner of handling funds. It is argued that the data sought, even if it appears as a mere statistic, is in reality a part of the deliberative process and is material which has been specially selected, compiled and prepared for interagency review.
The New York Freedom of Information Law is acknowledged to be based upon the like Federal act and reliance upon Federal case law is accordingly appropriate (Matter of Fink v Lefkowitz, 47 NY2d 567; Matter of McAulay v Board of Educ., 61 AD2d 1048). There are, however, differences in the Federal and State legislation. Section 84 of the Public Officers Law provides in part:
"The people’s right to know the process of governmental *698 decision-making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.
"The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free press, should have access to the records of government in accordance with the provisions of this article.”
The above-quoted language of the New York State statute creates, it appears, a basic distinction between it and its Federal counterpart. In the case of Matter of Dunlea v Goldmark (54 AD2d 446, 449, affd 43 NY2d 754), this distinction was noted by stating: "It should be observed that the Federal statutes relating to freedom of access to governmental information are not based upon a fundamental finding that the public should have unimpaired access to records”. Most notably, the Appellate Division continues in Dunlea to state (pp 448-449):
"While it is desirable to provide the public officers (employees) with the necessary privacy to make frank expressions of opinion, such privacy may in the long run be more harmful than the goldfish bowl aspect. In any event, it is only supporting statistical and factual tabulations which are discoverable. In the context of the New York State Freedom of Information Law and particularly sections 85 and 88, the use of the word 'statistical’ or 'factual’ does not exclude such information merely because an opinion is later based thereon.
"The mere fact that the document is a part of the 'deliberative’ process is irrelevant in New York State because section 88 clearly makes the back-up factual or statistical information to a final decision available to the public. This necessarily means that the deliberative process is to be a subject of examination although limited to tabulations. In particular, there is no statutory requirement that such data be limited to 'objective’ information and there is no apparent necessity for such a limitation. The appellants have not demonstrated that the work sheet is not to be public information.”
The court has examined the arguments of the respondents to the effect that the Dunlea case can no longer control by reason of the statute’s amendments and the more recent development of case law. The court, however, cannot agree. The basic distinction between the Federal and State legisla *699 tian upon which the Dunlea determination is premised still exists, and, accordingly, this court concludes that the Dunlea case must be applied to the most similar facts here presented and that this court is bound by the determination therein.
It is to be noted that since the time of the commencement of this proceeding the Department of Audit and Control has issued its report of the examination of the accounts and physical affairs of the Town of Oyster Bay. The petitioners, however, still press for the information they seek and state that the final report, now public, has caused more questions to surface than were answered. They argue that an informed citizenry requires knowledge of facts and figures upon which the conclusions stated in the final report are based. The court agrees. It is observed that the argument finds support in the language of section 84 of the Public Officers Law when it speaks of the people’s right "to review the documents and statistics leading to determinations”.
Lastly, the court notes the respondents’ argument that disclosure of the requested data will allow persons to frustrate future audits. (See Fink v Lefkowitz, 47 NY2d 567, supra.) This argument is not found to be convincing, but, in any event, its answer is again found in the Dunlea case (supra) where it is noted: "The statutory language is mandatory and as to those items required to be disclosed the appellants must comply. If from experience it is determined that the statute needs 'revision’ it should be directed to the attention of the Legislature” (Dunlea v Goldmark, supra, at p 449).
Judgment, accordingly, is granted to the petitioners who are directed to submit judgment consistent herewith.