In the Matter of MICHAEL POLANSKY et al., Respondents, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Appellants.

Third Department, June 11, 1981

### APPEARANCES OF COUNSEL

*Robert Abrams*, Attorney-General (*Franklin K. Breselor, Jeremiah Jochnowitz* and *Shirley Adelson Siegel* of counsel), for appellants.

*Stillman, Herz & Austin (Leonard B. Austin* of counsel), for respondents.

### OPINION OF THE COURT

HERLIHY, J.

While an audit of the Town of Oyster Bay for the period January 1, 1975 through December 31, 1978 was pending, the petitioners requested access to all field auditors' work

papers relating to the examination. Subsequently, by report dated January 21, 1980, the Department of Audit and Control released a 42-page auditor's report of the Town of Oyster Bay for a period covering January 1, 1975 through December 31, 1978.

The respondents' Records Access Officer and Records Appeal Officer have denied access to the materials upon the grounds that they were exempt from disclosure as intra-agency materials which are nonfinal (Public Officers Law, § 87, subd 2, par [g], cl iii). Having exhausted their administrative remedies, the petitioners instituted this proceeding for access pursuant to the Freedom of Information Law (Public Officers Law, art 6). Special Term granted the petition (103 Misc 2d 696), and respondents appeal.

The Freedom of Information Law unequivocally makes all agency records open to the public unless they fall within one of its enumerated exceptions (Public Officers Law, § 87, subd 2; *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 580; *Matter of Zuckerman v New York State Bd. of Parole*, 53 AD2d 405). All records are presumptively available and exemptions must be narrowly construed to ensure maximum access to public records *(Matter of Fink v Lefkowitz*, 47 NY2d 567, 571). The burden of proof rests on the agency that claims an exemption from disclosure (Public Officers Law, § 89, subd 4, par [b]; *Matter of Doolan v Board of Co-op. Educational Servs., Second Supervisory Dist. of Suffolk County*, 48 NY2d 341, 346). Mere conclusory allegations, without factual support, that the requested materials fall within an exemption are insufficient to sustain an agency's burden of proof *(Church of Scientology of N. Y. v State of New York*, 46 NY2d 906).

The record herein reveals that respondents have not submitted any sample of completed field reports, actual or simulated. However, attached to respondents' moving papers is a document entitled "BUDGET EXAMINERS' MANUAL" expressly referring to the subject of "BUDGET EXAMINER'S WORKSHEET". The document sets forth copies or samples of worksheets the examiners are required to utilize and refers to the manner in which they are to be utilized. The work-

sheets are denominated Form B-30, Form B-30(a), Form B-30(b) and Form B-30(c). The major portions of these forms are, on their face, simply "factual tabulations or data" as referred to in section 87 (subd 2, par [g], cl i) of the Public Officers Law and as such are not exempted from disclosure. The mere fact that some of the data might be an estimate or a recommendation does not convert it into an expression of opinion or naked argument for or against a certain position and such tabular data is not excluded from disclosure (see *Matter of Dunlea v Goldmark*, 54 AD2d 446, 448-449, affd 43 NY2d 754, which considered the same requirements under the former Freedom of Information Law).

However, the manual does indicate that certain entries on those forms, as explanations, could be in the nature of opinion or argument for or against certain matters being considered in the audit process. In particular, the Forms B-30(a), B-30(b) and B-30(c) have spaces for "remarks" and "explanations" indicating that some nonfinal intra-agency matters exempt from disclosure might be present on the items requested by petitioners.

In *Matter of Zuckerman v New York State Bd. of Parole* (53 AD2d 405, 408, *supra)*, it was held that not all of a document is necessarily exempt because a portion of it would be. Section 87 expressly provides in subdivision 2 "that such agency may deny access to records *or portions* thereof". (Emphasis added.) Here, there is no showing that all of the information need be exempted even if a portion is exempt (cf. *Matter of Delaney v Del Bello*, 62 AD2d 281). Inasmuch as the present record is sufficient to establish that the entire work reports might not be nonexempt, the respondents should submit any proposed deletions to Special Term for an *in camera* inspection and all other material directly to the petitioners *(Matter of Dunlea v Goldmark, supra,* p 449).

The judgment should be modified, on the law and the facts, by inserting therein a direction that any specific material identified by the respondents as exempt be submitted to Special Term for an *in camera* inspection and further determination not inconsistent with the decision herein, and, as so modified, affirmed, without costs.

MAHONEY, P. J., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment modified, on the law and the facts, by inserting therein a direction that any specific material identified by the respondents as exempt be submitted to Special Term for an *in camera* inspection and further determination not inconsistent with the decision herein, and, as so modified, affirmed, without costs.