OPINION OF THE COURT
Bruce McM. Wright, J.
In this CPLR article 78 proceeding, petitioner seeks an order directing respondent to provide, free of charge to petitioner, certain documents requested pursuant to the Freedom of Information Law (Public Officers Law art 6).
Robert Whitehead, appearing here pro se, has been an inmate at a State prison since January 1989. In August 1989, petitioner filed a Freedom of Information Law (FOIL) request *807 with respondents for material relating to New York County Supreme Court information number 6524/86. Respondents agreed to provide the 649 pages of documents, but denied Whitehead’s request for a waiver of the copying fees, on the ground that "there are no provisions for free or nominal cost copies of documents under the Freedom of Information Law.” Petitioner’s appeal of that determination to respondent’s appeal officer was denied on the same ground.
In support of this proceeding, petitioner asserts that he is indigent and that he needs the requested documents in order to corroborate certain claims that he has made in pending State and Federal habeas corpus petitions. He alleges that respondent’s refusal to waive the fee for copying the documents deprives him of equal protection.
New York’s Freedom of Information Law (Public Officers Law art 6) was enacted in order to provide the public with access to information regarding the process of governmental decision-making (Public Officers Law § 84). "That act, of course, proceeds under the premises that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government.” (Matter of Fink v Lefkowitz, 47 NY2d 567, 571.)
Public Officers Law § 87 directs each agency to promulgate rules and regulations pertaining to the availability of records and procedures to be followed, including, but not limited to:
"i. the times and places such records are available;
"ii. the persons from whom such records may be obtained, and
"iii. the fees for copies of records which shall not exceed twenty-five cents per photocopy not in excess of nine inches by fourteen inches, or the actual cost of reproducing any other record, except when a different fee is otherwise prescribed by statute.” (Public Officers Law § 87 [1] [b] [i], [ii], [iii].)
Public Officers Law §89 provides that the committee on open government is continued, and that the committee shall, inter alia:
"i. furnish to any agency advisory guidelines, opinions or other appropriate information regarding this article;
"ii. furnish to any person advisory opinions or other appropriate information regarding this article” (Public Officers Law § 89 [1] [b] [i], [ii]).
As noted, respondent denied petitioner’s request for a *808 waiver of the copying fees on the ground that there is no provision for such a waiver in the Public Officers Law. This ruling is consistent with the advisory opinion issued by the committee on open government to another indigent inmate (FOIL-AO-4318, dated Oct. 27, 1986). In that opinion, the committee wrote: "[T]here is nothing in the Freedom of Information Law that pertains to a waiver of fees for photocopies. As such, despite your status as an inmate and an indigent person, the Freedom of Information Law does not require that fees be waived. Further, according to section 87 (1) (b) (iii) of the Law, an agency may generally charge up to 25 cents per photocopy when such copies are requested.” (FOIL-AO-4318, at 2.)
Such an opinion, written by the committee empowered to address such issues, "is entitled to great weight and, if not irrational or unreasonable, should be upheld.” (Matter of Gannett Co. v James, 108 Misc 2d 862, 865, affd 86 AD2d 744; see also, Matter of Sheehan v City of Binghamton, 59 AD2d 808.) It is noted, however, that there is no indication in the aforementioned advisory opinion whether the indigent inmate requested the documents in order to aid him in a challenge to his conviction, as is the case here.
"The New York Freedom of Information Law is acknowledged to be based upon the like Federal act and reliance upon Federal case law is accordingly appropriate (Matter of Fink v Lefkowitz, 47 NY2d 567; Matter of McAulay v Board of Educ., 61 AD2d 1048).” (Matter of Polansky v Regan, 103 Misc 2d 696, 697, mod on other grounds 81 AD2d 102.) The Federal Freedom of Information Act (FOIA) (5 USC § 552), like New York’s Freedom of Information Law, provides that each agency shall promulgate regulations specifying the fees applicable to processing information requests (5 USC § 552 [a] [4] [A] [i]). The Federal statute states that "fees shall be limited to reasonable standard charges for document search and duplication” (5 USC § 552 [a] [4] [A] [ii] [III]). One significant distinction between the Federal FOIA and New York’s FOIL is that the Federal FOIA directs each agency to establish a schedule of fees as well as "procedures and guidelines for determining when such fees should be waived or reduced.” (5 USC § 552 [a] [4] [A] [i].) There is no such mention of a waiver or reduction of fees in the Public Officers Law.
With respect to the waiver of reduction of fees, 5 USC § 552 (a) (4) (A) (iii) provides: "Documents shall be furnished without any charge or at a charge reduced below the fees established *809 under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.”
In Rizzo v Tyler (438 F Supp 895 [SD NY 1977]), the United States District Court held that a Federal prisoner’s indigent status "does not ipso facto require the waiver of search fees.” (438 F Supp, at 900-901.) The court dismissed the inmate’s action under the FOIA, which sought an order directing the Department of Justice to produce, without charge, all material in its files relating to him. At the time of that decision, the Justice Department’s regulations (28 CFR 16.9 [a] [1976]) provided, in pertinent part: "Fees pursuant to * * * [the FOIA] shall be charged * * * for services rendered in responding to requests for Justice Department records * * * unless the official of the Department making the initial or appeal decision determines that such charges, or a portion thereof, are not in the public interest because furnishing the information primarily benefits the general public. Such a determination shall ordinarily not be made unless the service to be performed will be of benefit primarily to the public as opposed to the requester, or unless the requester is an indigent individual” (Rizzo v Tyler, supra, 438 F Supp, at 898; emphasis supplied).
Despite the regulation’s reference to an indigent individual, the court determined that the applicant’s indigency did not require a waiver of fees. "[T]he regulation does not state that a finding either that an applicant is indigent, or that the public benefit in disclosure outweighs the private benefit, necessitates a waiver of fees. A fair reading of the regulation is that either finding would be necessary to a determination of waiver, but neither finding alone would suffice to require a waiver” (Rizzo v Tyler, supra, at 900; emphasis supplied).
The court did not direct the Justice Department to waive the fees, even though Rizzo contended that he needed the information, which was not available to him through conventional discovery techniques, to prepare his defense to pending criminal charges (438 F Supp 895, 899, supra).
In Ely v United States Postal Serv. (753 F2d 163 [DC App 1985], cert denied 471 US 1106) the United States Court of Appeals, District of Columbia, upheld the United States Postal Service’s refusal to waive the copying fee for an indigent *810 inmate. In that case, the inmate claimed that “denial of a fee waiver to him violate[d] his right of meaningful access to the courts” (753 F2d, at 165). The court noted: “Appellant has stated, without substantiation or explanation, that he is 'in litigation in forma pauperis.’ * * * Appellant has not indicated whether the litigation is civil or criminal, nor has he indicated how the records he seeks would assist him in preparing his case. Appellant has not advanced any reason why the denial of a fee waiver inhibits his access to court. On this record, we cannot find a violation of the fourteenth amendment.” (753 F2d, at 165.)
Thus, even though the Federal FOIA includes a provision for the waiver of fees, the Federal courts have upheld the denial of such a waiver for indigent inmates.
As has been noted by the United States Supreme Court, with respect to the Federal FOIA, "[discovery for litigation purposes is not an expressly indicated purpose of the Act.” (Renegotiation Bd. v Bannercraft Clothing Co., 415 US 1, 24.) And, the New York Court of Appeals has held: "[T]he standing of one who seeks access to records under the Freedom of Information Law is as a member of the public, and is neither enhanced * * * nor restricted * * * because he is also a litigant or potential litigant.” (Matter of John P. v Whalen, 54 NY2d 89, 99.)
This court concludes that respondent’s refusal to waive the copying fees, on the ground that there is no provision for such a waiver in the Public Officers Law, is reasonable and should be upheld. Petitioner has revealed that he has instituted habeas corpus proceedings in both State and Federal court. Petitioner may move in those proceedings to proceed as a poor person. The State habeas corpus proceeding is a special proceeding (CPLR 7001) and petitioner may seek leave of the court for disclosure in that proceeding (CPLR 408). Thus, petitioner is not necessarily foreclosed from obtaining, free of charge, the documents that he has demanded.
Petitioner’s request for attorneys’ fees pursuant to Public Officers Law § 89 (4) (c) is denied. This petition is dismissed. The clerk is directed to enter judgment accordingly.