OPINION OF THE COURT
Herman Cahn, J.
Motions 24 and 192 of the May 19, 1980 Special Term, Part I, calendar are combined for disposition.
Petitioner brings this article 78 proceeding pursuant to section 84 et seq. of the Public Officers Law (Freedom of Information Law) to direct the respondent New York City Department of Transportation to make available for inspection and copying all bid proposals submitted for the award of a contract for certain work in the streets of the City of New York, all reports, findings and determination made pursuant to the bid proposals and to the award of any contract or *954 recommendation for the award of any contract. Petitioner was a bidder for /said contract. The apparently successful bidder, Paving Restoration Corporation, also moves to intervene herein.
Petitioner had for over 10 years performed restoration of the pavements of New York City streets for respondent New York City Department of Transportation, which advertised in the City Record for proposals for this work for a future contract. Petitioner submitted its contract bid pursuant to the advertisement request.
On March 5,1980, petitioner submitted a written request of respondent for the following: “the name of the successful bidder, its address and the principals involved therewith, details on the amount of the successful bid with respect to each proposal, and the basis for the determination by your Department with respect to the proposed award of the contract.”
On March 13,1980, petitioner submitted another written request of respondent after there appeared on the March 6, 1980 board of estimate calendar an item of a proposed resolution and proposed contract between the respondent and the proposed intervenor Paving Restoration Corp. This second request sought the information requested on March 5, 1980 “together with any memoranda, reports, findings and determinations of the Department of Transportation and of its officers, employees and agents with regard thereto.”
The March 5, 1980 application was denied by respondent Samuel Azadian (records access officer) on April 3,1980 on the ground “that the information, if disclosed, would impair a present or imminent contract award”, citing section 87 (subd 2, par [c]) of the Public Officers Law.
Petitioner appealed that decision on April 3, 1980 to the appeals officer of the Department of Transportation which also referred to an earlier appeal dated March 26, 1980 to the commissioner of the department. On April 4, 1980 he denied the several appeals on the same ground set forth in the denial of March 5, 1980, except for the granting of the name and address of the apparent successful bidder and the name of its principal.
At the outset, it is observed that the instant petition seeks the disclosure of much more material than was sought in *955 the petitioner’s applications which were acted upon by the respondent. The relief sought in the instant article 78 proceeding will be considered only to that disclosure denied to petitioner by the respondent.
Respondents’ position in this proceeding is stated by referring to section 87 (subd 2, par [e]) of the Public Officers Law. Section 84 of the Public Officers Law in pertinent part states:
“The people’s right to know the process of governmental decision making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.
“The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free press should have access to the records of government”.
Subdivision 2 of section 87 of the Public Officers Law exempts from disclosure certain information which includes : “(c) if disclosed would impair present or imminent contract awards or collective bargaining negotiations”.
Subdivision 4 (part [b]) of section 89 declares that the agency involved shall have the burden of proving that records as to which disclosure is denied fall within the exemptions of subdivision 2 of section 87.
The respondents have not sustained their burden of proof by the mere summary repetition of the statutory exemption. Moreover it would appear that disclosure of the contents of the successful bid proposal and the basis of the determination to accept the successful bid proposal by the agency together with its findings, reports and memoranda would be expressive of the legislative purposes set forth in section 84 of the Public Officers Law (see Matter of Durilea v Goldmark, 54 AD2d 446, affd 43 NY2d 754).
The argument that the successful bid submitted to respondents contained confidential information is not a persuasive one. Said argument was not made by respondent. Furthermore, in view of the Public Officers Law, the successful bidder had no reasonable expectation of not having its bid open to the public.
There remains the application by the successful bid *956 der for leave to intervene. That party was not a party to the petitioner’s applications for disclosure or appeal and could not have been a party thereto as of right. It has no standing to intervene as a party in this proceeding as the question presented is whether the petitioner is entitled to the documents and records pursuant to the Freedom of Information Law. This court has determined the petitioner’s entitlement and therefore intervention is now unnecessary. Motion to intervene is denied.