■ In the Matter of PAUL M. BRAY, Respondent, v LAUREEN MAR, as Records Access Officer of New York State Council on the Arts, Appellant. — Judgment, Supreme Court, New York County (D. H. Edwards, J.), entered November 22, 1983, granting in part CPLR article 78 petition to compel disclosure of certain records under Freedom of Information Law (FOIL; Public Officers Law, art 6), is unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of striking the third decretal paragraph, and directing that the all-purpose forms made available to petitioner under the second decretal paragraph shall be subject to the deletions indicated in appellant's letter of October 26, 1982, and further directing that the Panel Forms made available to petitioner under the fourth decretal paragraph shall be subject to deletion of "comments"; and the judgment is otherwise affirmed, without costs.

Petitioner by letter requested appellant (respondent below) Records Access Officer of the New York State Council on the Arts (the Council), to furnish certain records and information relative to the grants by the Council to the Alliance of New York State Arts Councils, Inc., and the Albany League of Arts during the council's 1980-1981 and 1981-1982 funding cycles. Appellant, by letter of October 26, 1982, offered to make substantial specified records and information available to petitioner and denied others.

In addition to other materials, appellant offered to furnish to petitioner copies of the so-called all-purpose forms with deletions as to subjective opinions and recommendations of the staff, panel and committee. It has declined to furnish the so-called panel and council committee recommendation and council board approval forms (Panel Forms).

In this article 78 proceeding Special Term has directed that petitioner be furnished the all-purpose forms without deletion of "any recommendations that ultimately formed the basis of the determination made by" the Council, and that the Council also permit petitioner to inspect and copy the Panel Forms.

The Council has appealed, and the issue before us is whether the deletions made by appellant from the all-purpose forms and the Panel Forms are exempt from disclosure under section 87 (subd 2, par [g]) of the Public Officers Law. In our view, the material that the Council has offered complies with its obligations under FOIL and the material deleted is exempt, except that petitioner is also entitled to the Panel Forms with comments deleted.

Appellants contend that the materials declined come within the exemption of FOIL (Public Officers Law, § 87, subd 2, par [g]) for:

"inter-agency or intra-agency materials which are not:

"i. statistical or factual tabulations or data;

"ii. instructions to staff that affect the public; or

"iii. final agency policy or determinations".

We have *in camera* examined the available material which appellant declined to furnish and which Special Term directed it to furnish. In our view that material (except as to parts of the Panel Forms) falls within the exemptions. The material in question in the present case constitutes "intra-agency materials". Obviously the staff and the committee of the Council are parts of the Council as an agency. And the panel of outside experts may also be so considered in view of their functions in

recommending the amount of grants. (*Wu v National Endowment for Humanities,* 460 F2d 1030; cf. *Matter of Syracuse United Neighbors v City of Syracuse,* 80 AD2d 984.)

There is no contention that these materials include instructions to staff that affect the public.

By its deletions, appellant has made a good-faith, and in our view, an adequate, attempt to leave available for inspection by petitioner the factual data relating to the applicant while deleting subjective opinions, discussions and recommendations of staff, panel and committee not required to be disclosed. (See *Matter of Miracle Mile Assoc. v Yudelson,* 68 AD2d 176, 181; *Taxation With Representation Fund v Internal Revenue Serv.,* 646 F2d 666, 677.)

The actions of staff, panels or committees do not represent "final agency policy or determinations", except as they may be adopted by the Council. (See *Renegotiation Bd. v Grumman Aircraft,* 421 US 168, 184, 186-187, 189, where the Supreme Court held that reports by regional boards, and even by divisions [i.e., committees] composed of members of the Renegotiation Board itself, did not constitute final action of the Board though those were used by the full Board as a basis for discussion, as only the full Board had the power to make the final decision.)

Even though recommendations as to amount made by the panel and committee were approved by the Council, the reasoning of the staff, panel or committee does not represent final action by the Council. What the Supreme Court said in *Renegotiation Bd. v Grumman Aircraft (supra,* p 184) is applicable here: "[T]he evidence utterly fails to support the conclusion that the reasoning in the reports is adopted by the Board as *its* reasoning, even when it agrees with the conclusion of a report". (Accord *Matter of McAulay v Board of Educ.,* 61 AD2d 1048, affd for reasons stated in App Div 48 NY2d 659.)

In any event, the documents do not contain any definitive statements of the reasons for the actions of staff, panel, committee or council. There is a somewhat discursive discussion in the all-purpose forms. But the only definitive action taken is the approval of the amount of the grant. "The Freedom of Information Act imposes no independent obligation on agencies to write opinions. It simply requires them to disclose the opinions which they do write. *NLRB* v. *Sears, Roebuck & Co., ante,* p. 132. If the public interest suffers by reason of the failure of the Board to explain some of its decisions, the remedy is for Congress to require it to do so. It is not for us to require disclosure of documents, under the purported authority of the Act, which are

not final opinions, which do not accurately set forth the reasons for the Board's decisions, and the disclosure of which would impinge on the Board's predecisional processes." (*Renegotiation Bd. v Grumman Aircraft, supra,* at p 192.)

However, we think the panel and subcommittee recommendation and council board approval forms (Panel Forms), with the exception of comments by panel or subcommittee, do represent final agency determinations. They show on the same sheet the panel recommendation, the subcommittee recommendation and the Council approval, which would thus appear to be an adoption of the recommendations. These Panel Forms, with the deletion of comments, should be furnished, and we so direct.

Finally, we confess to some puzzlement as to what all the fuss is about. We cannot see that the Council would really be damaged by letting petitioner see all the deleted portions, or that the petitioner is hindered by not seeing the deleted portions, although perhaps petitioner could not have known this. Concur — Sandler, J. P., Silverman, Fein and Kassal, JJ.