■ In the Matter of PROFESSIONAL STANDARDS REVIEW COUNCIL OF AMERICA, INC., Respondent, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants. [597 NYS2d 829] — Mikoll, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered July 10, 1992 in Albany County, which

granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to supply petitioner with copies of certain documents requested under the Freedom of Information Law.

This CPLR article 78 proceeding arises out of the following background. In January 1991, respondent Department of Health (hereinafter DOH) distributed a request for proposals (hereinafter RFP) inviting contract bids for an Aids Intervention Management System (hereinafter AIMS), a publicly funded program designed to provide DOH with information relating to review and evaluation of services provided at AIDS treatment centers and with data concerning persons treated at the centers. The RFP indicated in detail the program and budget information required of bidders. It identified the criteria for selection of the proposal submitted and the weight to be given it. In response DOH received two written proposals, one from the Island Peer Review Organization (hereinafter IPRO) and the other from petitioner. A DOH review committee reviewed and analyzed each proposal and heard oral presentations from each bidder. Each committee member gave a score to the proposals and finally DOH determined to award the AIMS contract to IPRO at the contract price of $1.5 million.

Petitioner then submitted a Freedom of Information Law request pursuant to the Public Officers Law to the Records Access Office of DOH for access to certain documents related to the DOH 1991 AIMS contract award, including the IPRO response to the RFP and documents evidencing the decision to award the AIMS contract to IPRO. DOH denied access to most of the materials sought pursuant to Public Officers Law § 87 (2) (c), alleging that disclosure "would impair present or imminent contract awards or collective bargaining negotiations," and under Public Officers Law § 87 (2) (g), exempting nonfinal intra-agency documents from disclosure. Petitioner appealed this determination without apparent response from DOH.

Petitioner then commenced this CPLR article 78 proceeding for a judgment directing respondents to, *inter alia,* supply petitioner with copies of the requested documents upon payment of the proper fee or to allow petitioner to make such copies. DOH then furnished some additional materials which had been demanded. DOH redacted substantial portions of the RFP response including the AIMS contract budget proposed by IPRO, and urged for the first time that the materials were

being withheld because their disclosure would cause "substantial injury to the competitive position of IPRO". Other documents were withheld because they allegedly constitute intra-agency reports reflecting the deliberative process underlying the AIMS contract award. Respondents did not request in camera review in the Supreme Court proceeding. Supreme Court ruled that respondents had not satisfied their burden of making a "compelling case" for the exemptions claimed and granted petitioner's request for access to the remaining documents. The documents are identified in the subsequent judgment of the court. This appeal by respondents ensued.

Respondents' argument that Supreme Court erred in granting disclosure of documents related to the IPRO response to the RFP, because such documents "are trade secrets or would, if disclosed, cause substantial injury to IPRO's 'competitive position,' and therefore are exempt from FOIL disclosure pursuant to [Public Officers Law] § 87 (2) (d)", is rejected. "The Freedom of Information Law unequivocally makes all agency records open to the public unless they fall within one of its enumerated exceptions * * *. All records are presumptively available and exemptions must be narrowly construed to ensure maximum access to public records * * *. The burden of proof rests on the agency that claims an exemption from disclosure * * *. Mere conclusory allegations, without factual support, that the requested materials fall within an exemption are insufficient to sustain an agency's burden of proof" *(Matter of Polansky v Regan,* 81 AD2d 102, 103 [citations omitted]).

There has been no adequate showing that the documents are "trade secrets" or that their disclosure would cause substantial injury to IPRO's competitive position. There is no showing that IPRO, bidding on a public contract, had any reasonable expectation of not having its bid open to the public *(see, Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 566-567; *see also, Contracting Plumbers Coop. Restoration Corp. v Ameruso,* 105 Misc 2d 951). There is evidence that the AIMS contract provides that the results of any studies and research based on AIMS data are the exclusive property of DOH. The RFP states that DOH may use the materials submitted for its own purposes "without limitation".

Respondents' contention that Supreme Court erred in failing to exempt certain documents relating to the AIMS contract award on the ground that they are intra-agency documents revealing the nature of the governmental deliberative process, exempt under Public Officers Law § 87 (2) (g) as a matter of law, has some merit. The contract award was based

on an evaluation of criteria and ratings made by the committee members. Backup factual and statistical data to a final determination of an agency is not exempt from disclosure *(see, Matter of Dunlea v Goldmark,* 54 AD2d 446, 448-449, *affd* 43 NY2d 754). The individual members of the DOH committee were required to rate the response to the criteria of the RFP and accord it a numerical value. The rating given each category reflects the voting which determined the contract award *(see, supra).* Although the rating sheets are subject to disclosure, however, the subjective comments, opinions and recommendations written in by committee members are not required to be disclosed and may be redacted *(see, supra; see also, Matter of Bray v Mar,* 106 AD2d 311, 313). Inasmuch as Supreme Court made no in camera inspection to determine which, if any, of the documents withheld by DOH contain in whole or in part exempt intra-agency predecisional or subjective material *(see, supra; see also, Church of Scientology v State of New York,* 46 NY2d 906, 908), the matter should be remitted to Supreme Court to permit such judicial inspection and determination *(see, Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131, 133). The judgment should, therefore, be reversed and the matter remitted for such in camera inspection, including redaction of any subjective commentary, opinions and recommendations from the rating sheets of the individual DOH committee members or from other documents.

Weiss, P. J., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.