■ In the Matter of LOCKHEED MARTIN IMS CORPORATION, Appellant, v NEW YORK STATE DEPARTMENT OF FAMILY ASSIS-

TANCE, Formerly Known as NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, et al., Respondents. [681 NYS2d 656] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered March 17, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Office of Temporary and Disability Assistance denying petitioner's request for an exemption from disclosure under the Freedom of Information Law.

Petitioner is a private corporation engaged in the business of designing, assembling and operating systems for the collection, processing and payment of child support obligations. In 1996, petitioner responded to a "Request for Proposal" (hereinafter RFP) issued by respondent New York State Department of Family Assistance, through respondent Office of Temporary and Disability Assistance (hereinafter OTDA), for the development and operation of a centralized system for the collection and disbursement of support payments in connection with the State child support enforcement program. OTDA accepted petitioner's proposal to the RFP and the parties subsequently entered into a written agreement.

In June 1997, respondent New York State Office of Child Support Enforcement notified petitioner of a request under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for the technical and cost portions of petitioner's 1996 proposal. Petitioner, in turn, requested protection from disclosure based upon FOIL's exemption for commercial or financial information which, if disclosed, would place petitioner at a competitive disadvantage (*see*, Public Officers Law § 87 [2] [d]). In response, OTDA agreed not to disclose the names of individuals contained in the technical portion of the proposal as well as certain other information contained in the financial portion of the proposal; however, OTDA denied the majority of petitioner's request. Upon appeal by petitioner, OTDA adhered to that determination. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, *inter alia*, to annul OTDA's determination. Following joinder of issue, Supreme Court dismissed the petition finding that petitioner had waived its right to an exemption from disclosure under FOIL. This appeal ensued.

Initially, we note that under FOIL "all records of a public agency are presumptively open to public inspection and copying unless otherwise specifically exempted" (*Matter of Capital Newspapers v Burns*, 67 NY2d 562, 566; *see*, *Matter of Legal Aid Socy. v New York State Dept. of Social Servs.*, 195 AD2d

150, 152). The exemptions to disclosure set forth in Public Officers Law § 87 (2) are to be narrowly interpreted (*see, Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 80) and the burden is on the party seeking to prevent disclosure to demonstrate the applicability of the particular exemption claimed (*see, Matter of Legal Aid Socy. v New York State Dept. of Social Servs., supra,* at 153).

In the instant matter, we do not reach the merits since the RFP specifically advised petitioner, with respect to public information requirements, that: "All of the proposals upon submission will become the property of the Department. The Department will have the right to disclose all or any part of a proposal to public inspection based on its determination of what disclosure will serve the public interest. Prospective offerors are further advised that, except for trade secrets and certain personnel information (both of which the Department has reserved the right to disclose), all parts of proposals must be disclosed to those members of the general public making inquiry under the New York State Freedom of Information Law (NYS Public Officers Law, Article 6)." Clearly, petitioner was on notice, prior to submitting its proposal, that confidentiality would not be insured and, therefore, had no reasonable expectation that such information would not be made available to the public (*see, Matter of Professional Stds. Review Council v New York State Dept. of Health,* 193 AD2d 937, 939).

The RFP further advised petitioner that "[s]hould an offeror wish to request exemption from public access to information contained in its proposal, the offeror must *at the time [of] submission of its offer,* specifically, identify in their submission the information and explain in detail why public access to the information would be harmful to the offeror" (emphasis supplied). Inasmuch as petitioner did not request the exemption at the time of submitting its proposal and the notice was clear, we agree with Supreme Court that it waived its right to seek the exemption at a later time. Therefore, the petition was properly dismissed. We have considered petitioner's remaining contentions, including its claim that the public disclosure provision of the RFP is illegal, and find them to be without merit.

Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.