■ In the Matter of GLENS FALLS NEWSPAPERS, INC., Doing Business as THE POST STAR, et al., Appellants, v COUNTIES OF WARREN AND WASHINGTON INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. [684 NYS2d 321] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Dier, J.), entered November 5, 1997 in Warren County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioners' request under the Freedom of Information Law.

In August 1986, respondent Niagara Mohawk Power Corporation (hereinafter NIMO) entered into a power purchase agreement (hereinafter PPA) with Adirondack Resource Recovery Associates (hereinafter ARRA) in connection with the operation of a trash incinerator plant located in the Village of Hudson Falls, Washington County. Thereafter, ARRA assigned its rights under the PPA to respondent Counties of Warren and Washington Industrial Development Agency (hereinafter WWIDA). Under the terms of the PPA, NIMO was obligated to pay $0.06 per kilowatt hour of electricity up to 79,000 megawatts and to purchase all of the electricity produced by the plant even if it exceeded NIMO's power needs. Due to NIMO's apparent failure to pay the contractual rate for electricity produced in excess of 79,000 megawatts, WWIDA and ARRA

threatened to take legal action. The parties settled the dispute by entering into an amendment of the PPA which, *inter alia*, established a new price per kilowatt hour for excess electricity. By agreement of the parties, the terms of the settlement were confidential.

Thereafter, petitioners made a request under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for the details of the settlement agreement. WWIDA denied the request on the basis of the confidentiality agreement and that revelation of the requested information would result in injury to NIMO's competitive position. WWIDA denied petitioners' appeal of the determination resulting in this CPLR article 78 proceeding in which petitioners seek to compel WWIDA to disclose the information under FOIL.* Supreme Court dismissed the application finding that the information was exempt from disclosure under Public Officers Law § 87 (2) (d). Petitioners appeal.

Initially, we acknowledge that "all records of a public agency are presumptively available for public inspection and copying [under FOIL], unless the documents in question fall within one of the enumerated exemptions set forth in Public Officers Law § 87 (2)" (*Matter of New York Times Co. v New York State Dept. of Health*, 243 AD2d 157, 159; *see, Matter of Capital Newspapers v Burns*, 67 NY2d 562, 566; *Matter of Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75, 79-80). The exemption set forth in Public Officers Law § 87 (2) (d) provides for the nondisclosure of

"records or portions thereof that * * *

"are trade secrets or are submitted to an agency by a commercial enterprise or derived from information obtained from a commercial enterprise and which if disclosed would cause substantial injury to the competitive position of the subject enterprise". The party seeking to take advantage of this exemption must demonstrate the existence of actual competition and the likelihood of substantial competitive injury (*see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.*, 87 NY2d 410, 421).

In the case at hand, WWIDA, relying upon this exemption in denying petitioners' request, advised petitioners that the information contained "trade secrets and/or is information which, if disclosed, would cause substantial injury to the competitive position of [NIMO]". We agree that the record supports the denial of petitioners' FOIL request on this basis.

---

* NIMO was subsequently granted permission to intervene as a respondent in the proceeding.

The affidavit of Herbert Schrayshuen, NIMO's Director of Power Transactions, was submitted detailing some of the competition NIMO is subject to and supporting the proposition that the release of the subject information would cause substantial injury to NIMO's competitive position. He averred that NIMO is party to over 150 other power purchase agreements with independent power producers throughout the State obligating it to purchase quantities of electricity in excess of its needs. According to Schrayshuen, due to the significant expense associated with purchasing excess electricity (which in 1997 amounted to $19.2 million), NIMO is currently involved in negotiations with other power producers attempting to reduce the price paid for such electricity. In addition, he averred that NIMO is a party to litigation involving excess electricity rates set forth in 16 other power purchase agreements involving over $10 million. He also stated that NIMO has reached a tentative agreement with 16 independent producers covering 29 power purchase agreements to restructure electricity rates involving approximately $4 billion. Furthermore, Schrayshuen recounted recent actions by the government and the Public Service Commission which have heightened competition in the electric generation and service industry.

In view of the foregoing, public disclosure of the details of the settlement agreement with WWIDA would be an obvious advantage to NIMO's competitors by jeopardizing NIMO's ability to negotiate effectively with other producers in order to obtain the lowest rates for its customers. Consequently, Supreme Court properly concluded that public disclosure was unwarranted based upon Public Officers Law § 87 (2) (d) (see, Matter of New York State Elec. & Gas Corp. v New York State Energy Planning Bd., 221 AD2d 121; compare, Matter of Professional Stds. Review Council v New York State Dept. of Health, 193 AD2d 937).

We reject petitioners' contention that NIMO's failure to comply with Public Officers Law § 89 (5) precludes them from relying upon the exemption contained in Public Officers Law § 87 (2) (d). Petitioners have provided no legal authority supporting the conclusion that Public Officers Law § 89 (5) was intended to apply in circumstances such as those presented here where confidentiality was agreed to by a public entity in settlement of a legal dispute. We have considered petitioners' remaining arguments and find them to be unavailing.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.