Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ In the Matter of TROY SAND AND GRAVEL COMPANY, INC., Respondent-Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Appellant-Respondent. [716 NYS2d 772] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered December 6, 1999, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent partially denying petitioner's Freedom of Information Law request, and (2) from that part of the judgment entered thereon which denied petitioner's request for counsel fees.

We refer to our recent decision in a related appeal involving these parties for a more complete recitation of the events preceding this controversy (*see, Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp.*, 270 AD2d 698, 699, *lv denied* 95 NY2d 755). Briefly stated, petitioner is a producer of coarse aggregate material, a component of portland cement and bituminous concrete used by contractors in the construction of highways and bridges. Petitioner's facility in the Town of Sand Lake, Rensselaer County, had previously been designated by respondent as an approved source of such material for State projects. However, the facility was removed from respondent's approved list in January 1995 and was not included in an April 1997 list after testing revealed that the coarse aggregate originating from petitioner's facility was not sufficiently durable to meet respondent's minimum specifications. In the prior appeal, we affirmed the judgment which dismissed petitioner's CPLR article 78 proceeding challenging respondent's determination to omit the facility from the approved list (*id.*).

After a previous request for documents relating to respondent's testing process was denied as unduly voluminous, in November 1998 petitioner submitted a Freedom of Information Law (hereinafter FOIL) request for copies of test reports prepared by respondent's Materials Bureau during the preceding two years relating to the approval or disapproval of coarse aggregate. Respondent's records access officer initially declined to release all but the test reports of petitioner's facilities on the basis that the documents addressing the aggregate of other vendors were exempt from disclosure under Public Officers Law § 87 (2) (d), the provision protecting trade secret and other sensitive commercial information from being disseminated to competitors. However, on administrative appeal, respondent partially granted the document request, agreeing to release redacted copies of the test reports which omitted certain producer identifying information.

Petitioner commenced this CPLR article 78 proceeding challenging the redaction of the documents and Supreme Court granted the petition. Respondent appeals from so much of Supreme Court's order which directed such disclosure and petitioner appeals from the judgment insofar as the court did not award counsel fees.

As a preliminary matter, petitioner's assertion that this appeal should be dismissed because respondent's notice of appeal references Supreme Court's decision and order and not the judgment issued three weeks later is unpersuasive. Because the relief granted in the judgment is identical to that directed in the decision and order, we exercise our discretion to deem the appeal to have been taken from the judgment in which the order was subsumed (*see, Matter of Specht*, 265 AD2d 919; *Kozlowski v City of Amsterdam*, 111 AD2d 476, 477; *see also*, CPLR 5520 [c]).

Similarly, we reject respondent's contention that the petition should have been dismissed as time barred. Although a general Statute of Limitations defense was included in its answer,[1] there is no indication in the record that the time frame within which the proceeding was commenced was addressed in any of respondent's submissions, which were aimed solely at the merits of its determination partially denying the FOIL request. As it does not appear that respondent pursued dismissal of the petition on this ground before Supreme Court, we find that the contention was not preserved for our review (*see, Figueroa v*

---

1. This conclusory reference, which states, "The proceeding is untimely commenced. CPLR 3211 (a) (5)," is the sole mention of a Statute of Limitations defense in the extensive record.

*Tso,* 251 AD2d 959; *Sam v Town of Rotterdam,* 248 AD2d 850, *lv denied* 92 NY2d 804).

Having dispensed with the parties' procedural arguments, we turn to the merits. In response to petitioner's FOIL request, respondent agreed to disclose those portions of the documents which contained the results of performance and durability testing performed on the aggregate (e.g., freeze-thaw testing, gravity and absorption values). As detailed in its letter determination, respondent's rationale for deleting two sections of the reports was the need to prevent petitioner, or anyone else who obtained access to the documents, from using the information to gain a competitive advantage. Hence, respondent redacted information which could be used to link a test report with a particular producer, including the producer's name, address, code number, facility source and the particular geologic composition of the aggregate.

It is well settled that records in the possession of a public agency are presumed to be available for public inspection and copying under FOIL unless they fall within one of the exceptions established in Public Officers Law § 87 (2) (*see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.,* 87 NY2d 410, 417-418; *Matter of Capital Newspapers v Burns,* 67 NY2d 562, 566). As the documents at issue were generated and maintained by respondent, we have no difficulty concluding that they are "records" within the broad definition of that term appearing in Public Officers Law § 86 (4) (*see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., supra,* at 417-418).

In redacting portions of the records, respondent relied on Public Officers Law § 87 (2) (d), an exception protecting "records or portions thereof that * * * are trade secrets or are submitted to an agency by a commercial enterprise or derived from information obtained from a commercial enterprise and which if disclosed would cause substantial injury to the competitive position of the subject enterprise." We have noted that "[t]he party seeking to take advantage of this exemption must demonstrate the existence of actual competition and the likelihood of substantial competitive injury" (*Matter of Glens Falls Newspapers v Counties of Warren & Washington Indus. Dev. Agency,* 257 AD2d 948, 949; *see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., supra,* at 421).

Upon our review of the record, we find that the test results, which were produced as a result of scientific examination of aggregate samples provided by commercial suppliers, were "derived from information obtained from a commercial enterprise" within the purview of the exception. As documents

"derived" by a State agency are encompassed under the plain language of the statute, we disagree with Supreme Court's conclusion that the exemption was inapplicable because the "information requested by [petitioner] constitutes data created and compiled by [respondent], not a commercial enterprise." Moreover, there being no dispute that the test reports contained information relating to entities in "actual competition," meeting the first element of the inquiry, we find that the propriety of the determination turns on whether respondent sufficiently established that disclosure of the unredacted documents would pose a likelihood of substantial competitive injury.

In support of its answer, respondent submitted affidavits from a staff geologist who specializes in aggregate and from one of its attorneys who each detailed the deliberative process underlying the determination. Prior to determining that redaction of the documents was both necessary and consistent with FOIL requirements, respondent consulted with the Committee on Open Government (hereinafter COG) and with the Empire State Concrete and Aggregate Producers Association (hereinafter ESCAPA),[2] a trade association representing aggregate producers throughout the State. ESCAPA and one of its members, a competitor of petitioner, stressed the confidential nature of the information and the competitive damage that could result from release of the test results, particularly the danger of misuse of the information as a "marketing tool."

Through documentary evidence, respondent further demonstrated that it had a written policy dating to 1982 of maintaining the confidentiality of geologic source reports relating to aggregate suppliers. According to respondent's geologist, who worked in the Materials Bureau at the time, the genesis of the policy was a complaint that a supplier was misrepresenting the nature of the agency's material test results by suggesting the agency had found the aggregate of a competitor to be inferior to that of the supplier, a practice which had caused the supplier to lose business. In consultation with and at the request of ESCAPA, respondent formulated the policy of maintaining the confidentiality of producers' test results to prevent the information from being used in a misleading or unintended manner, particularly since respondent's testing is designed to determine whether suppliers meet certain minimum specifications for aggregate on a pass/fail basis, not to rank producers in relation to each other. While the test reports at issue are not "geologic source reports" per se, respondent as-

---

**2.** Based on the record, it appears that this trade association has changed its name to New York Construction Materials Association.

serted that the geologic composition component and other identifying information must be redacted for the same reasons that geologic source reports may not be disseminated, namely, that a release of this information could result in competitive injury.

Under the circumstances, we find that respondent met its burden of establishing the likelihood of competitive harm sufficiently to justify the partial redaction of the documents (*see, Matter of Glens Falls Newspapers v Counties of Warren & Washington Indus. Dev. Agency*, 257 AD2d 948, *supra; see generally, Matter of New York State Elec. & Gas Corp. v New York State Energy Planning Bd.*, 221 AD2d 121). We note that the redacted copies of the test reports, which designate the aggregate as either "accepted" or "rejected," allow petitioner to compare the results of performance and durability testing on its own aggregate with those of its competitors. By deleting the identifying components of the documents, respondent has merely prevented petitioner, or anyone who may gain access to the reports, from linking particular test results to certain suppliers. As we have found that respondent's reliance on the commercial information exemption was not misplaced, we cannot say that the compromise it fashioned to comply with petitioner's request was otherwise arbitrary, capricious or legally erroneous. Accordingly, we modify the judgment of Supreme Court and confirm the determination.

We further reject petitioner's contention that a different result is warranted based on the views expressed in an advisory opinion that petitioner obtained from COG prior to the FOIL request. Respondent submitted an affidavit from the author of the opinion who indicated that petitioner did not advise him of the relevant circumstances precipitating the request and, if it had, he would have declined to issue the opinion. Moreover, as the opinion fails to address either the potential for competitive harm arising from dissemination of the test reports or respondent's redaction compromise, we view it to be of little persuasive value in resolving the issues before this Court.

The challenge to respondent's determination having been rejected, even if we were to conclude that petitioner submitted a timely and properly supported request for counsel fees in Supreme Court (and we do not), we would have no occasion to address the discretionary decision denying such relief as petitioner has not "substantially prevailed" in this proceeding (*see*, Public Officers Law § 89 [4] [c]).

We have considered the remaining contentions of the parties and find them to be unpersuasive.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as annulled respondent's determination; determination confirmed and petition dismissed; and, as so modified, affirmed.