*457 OPINION OF THE COURT
Marilyn Shafer, J.
Petitioner, CAT*ASI, Inc., brings this petition seeking an order compelling respondent, the New York State Insurance Department (NYSID), to provide access to documents that petitioner requested pursuant to New York’s Freedom of Information Law (FOIL). Petitioner is in the business of providing testing services for government agencies including state agencies that regulate the insurance industry. Respondent is a state agency responsible for supervising and regulating all insurance business in New York State. Respondent is also charged with issuing licenses to agents, brokers, consultants, reinsurance intermediaries, adjusters, and bail bondsmen once they pass the applicable insurance licensing exams. Respondent does not perform testing services with its own employees, but rather, it contracts with vendors to provide these services. Petitioner has provided testing services for respondent since 1991 under consecutive contracts. The last contract awarded to petitioner was in 1996 and was extended for an additional year in September 2001. Each contract was awarded to petitioner pursuant to a competitive solicitation process.
On February 8, 2002, respondent published a request for proposal No. C000285 (RFP 285). Petitioner submitted a proposal to respondent. On May 2, 2002, respondent notified petitioner that it conditionally awarded RFP 285 to another vendor, Experior Assessments, LLC (Experior). On May 3, 2002, petitioner made a request to respondent, pursuant to FOIL, to inspect its records regarding the procurement of testing services under RFP 285, including, inter alia, a complete copy of the winning proposal including all attachments, and a copy of all bid evaluation and tabulation materials. Petitioner did not receive a response to its request within the five business day provision of New York Public Officers Law. On June 12, 2002, petitioner appealed what it perceived to be a constructive denial by respondent to the Record Access Appeals Officer of NYSID. Petitioner did not receive a response to its appeal within 10 business days as provided by the Public Officers Law, and commenced this proceeding pursuant to CPLR article 78.
Petitioner alleges that it needs the requested records in order to determine whether there is a basis to protest the award to Experior. Specifically, petitioner claims that this situation might be similar to the one following an RFP process in 2001 *458 when Experior was conditionally awarded the contract to administer respondent’s insurance licensing program. In 2001, petitioner formally protested that contract award, claiming that Experior’s proposal was not responsive and that respondent may have relied on inaccurate or stale information about petitioner that Experior provided to respondent. Petitioner eventually withdrew its protest and respondent terminated the REP process. Petitioner was ultimately granted a contract for one more year. Petitioner further contends that respondent is now barred from claiming that the requested documents are exempt from disclosure due to respondent’s failure to reply to petitioner’s FOIL request within the time limitation provided in the Public Officers Law.
In its verified answer, respondent maintains that while its response was untimely, the requested documents are nevertheless exempt from disclosure, pursuant to Public Officers Law § 87 (2) (g) and (c). Respondent further maintains that the rating sheets and other evaluative comments for any request for proposals are exempt from disclosure because they constitute inter-agency or intra-agency materials. Respondent also argues that bid proposals submitted prior to a final approval of the contract are exempt from disclosure because “if disclosed would impair present or imminent contract awards or collective bargaining negotiations” (Public Officers Law § 87 [2] [c]).
Pursuant to FOIL (Public Officers Law § 87), all government records are presumptively open for public inspection unless specifically exempted from disclosure as provided in the Public Officers Law (Fappiano v New York City Police Dept., 95 NY2d 738 [2001]). Such exemptions are to be narrowly construed and the agency seeking to prevent disclosures carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a specific justification for denying access (Matter of Bellamy v New York City Police Dept., 272 AD2d 120 [1st Dept 2000]). The Court of Appeals held that “[a] description of the material sought, the purpose for which it was gathered and other similar considerations will usually provide a sufficient basis upon which the court may determine whether the assertion of governmental privilege is warranted” (Cirale v 80 Pine St. Corp., 35 NY2d 113, 119 [1974]).
At the outset, this court finds petitioner’s argument that respondent should be barred from claiming any exemptions under FOIL due to its failure to comply with the time limitations unavailing. It is settled that while a municipal corporation *459 may be barred from asserting its right to exemption, “this bar is to be used sparingly and only in truly unusual cases” (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, 179 [4th Dept 1979]). Here, respondent has provided an explanation for its failure to comply with the time limitation in responding to petitioner’s FOIL request. “[T]he consequence of failure by the agency to comply with the [time] limitation is that the applicant will be deemed to have exhausted his administrative remedies and will be entitled to seek his judicial remedy” (Matter of Floyd v McGuire, 87 AD2d 388, 390 [1st Dept 1982]).
While respondent does give an explanation for its tardiness in responding to petitioner’s FOIL request, that reason, however, does not affect the fact that respondent carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption. This court finds that respondent has not met that burden here.
In denying petitioner’s request for a copy of the winning proposal including all attachments, respondent claims that releasing the documents would undermine further potential negotiations that might be required for the Comptroller’s approval. However, once a contract is conditionally awarded to a bidder, the terms of the successful bidder’s response to the request for proposal could no longer be “competitively sensitive” (Matter of Cross-Sound Ferry Servs. v Department of Transp., 219 AD2d 346 [3d Dept 1995]).
As to petitioner’s request for a copy of all bid evaluation and tabulation materials, this court finds that respondent has not sufficiently justified its denial of these materials. “Mere conclusory allegations, without factual support, that the requested materials fall within an exemption are insufficient to sustain an agency’s burden of proof’ (Matter of Professional Stds. Review Council of Am. v New York State Dept. of Health, 193 AD2d 937, 939 [3d Dept 1993] [internal quotation marks omitted]). It is well established that intra-agency predecisional material including, inter alia, subjective comments, opinions and recommendations by respondent’s employees in making the award determination are exempt from disclosure and may be redacted (id. at 940). However, “[b]ackup factual and statistical data to a final determination of an agency is not exempt from disclosure” (id.). “Moreover it would appear that disclosure of the contents of the successful bid proposal and the basis of the determination to accept the successful bid proposal by the agency together with its findings, reports and memoranda would be expressive of the legislative purposes set *460 forth in section 84 of the Public Officers Law” (Contracting Plumbers Coop. Restoration Corp. v Ameruso, 105 Misc 2d 951, 953 [Sup Ct, NY County 1980]).
Accordingly, it is ordered that this petition is granted to the extent that respondent is directed to provide access to the requested documents, with any appropriate redactions made, pursuant to Public Officers Law § 87.