(June 24, 2008)

■ JOSEPHINE AMPLO, Respondent, v MILDEN AVENUE REALTY ASSOCIATES et al., Appellants, et al., Defendant. [862 NYS2d 519]—

In an action to recover damages for personal injuries, the defendants Milden Avenue Realty Associates, Community Health System of Staten Island, and Staten Island University Hospital appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 10, 2007, which denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the cross motion of the defendants Milden Avenue Realty Associates, Community Health System of Staten Island, and Staten Island University Hospital for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff allegedly slipped on slush on the curb of a sidewalk abutting the premises of the defendants Milden Avenue Realty Associates, Community Health System of Staten Island, and Staten Island University Hospital (hereinafter collectively the defendants). When she slipped, her foot came into contact with a "groove" in the curb, and she tripped and fell. The "groove" in the curb was an expansion joint. At the time of the accident, snow and rain were falling.

Here, the defendants submitted evidence sufficient to establish their prima facie entitlement to judgment as a matter of law. Since a storm was in progress, the defendants cannot be held liable for the slushy condition of the sidewalk (*see Skouras*

*v New York City Tr. Auth.*, 48 AD3d 547 [2008]; *Powell v Cedar Manor Mut. Hous. Corp.*, 45 AD3d 749 [2007]). Additionally, the "groove" in the curb was actually an expansion joint built into the pavement to prevent the ramp from cracking. In her deposition, the plaintiff failed to identify how or why the joint was dangerous or constituted a defect (*see Lacy v New York City Hous. Auth.*, 4 AD3d 455 [2004]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motion contradicted her prior deposition testimony and should not have been considered in determining the motion (*see Jimenez v T.J. Maxx, Inc.*, 17 AD3d 638 [2005]). Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.