■ EDWARD WNETRZAK et al., Appellants, v V.C. VITANZA SONS, INC., Respondent, et al., Defendants. [913 NYS2d 736]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Grays, J.), entered May 28, 2009, which, inter alia, granted the motion of the defendant V.C. Vitanza Sons, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and denied that branch of their cross motion which was for summary judgment on the issue of liability on the cause of action to recover damages for violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

"To impose liability pursuant to Labor Law § 240 (1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries" (*Tama v Gargiulo Bros., Inc.*, 61 AD3d 958, 960 [2009]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)" (*Treu v Cappelletti*, 71 AD3d 994, 997 [2010]). Here, the defendant V.C. Vitanza Sons, Inc. (hereinafter Vitanza), demonstrated its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it by establishing that the injured plaintiff's conduct was the sole proximate cause of his accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290-291; *Leniar v Metropolitan Tr. Auth.*, 37 AD3d 425, 426 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The Supreme Court properly rejected the contentions in the injured plaintiff's affidavit submitted in opposition to the motion since it contradicted his prior deposi-

tion testimony (*see Amplo v Milden Ave. Realty Assoc.*, 52 AD3d 750, 751 [2008]; *Jimenez v T.J. Maxx, Inc.*, 17 AD3d 638 [2005]). Accordingly, the Supreme Court properly granted that branch of Vitanza's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action.

Vitanza also established its prima facie entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it by demonstrating that the plaintiffs failed to allege the violation of a specific Industrial Code provision (*see Gasques v State of New York*, 59 AD3d 666, 668 [2009]; *Karapati v K.J. Rocchio, Inc.*, 12 AD3d 413, 415 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' excuse of law office failure for the omission from its opposition papers of a specific Industrial Code provision is improperly raised for the first time on appeal (*see Wilner v Allstate Ins. Co.*, 71 AD3d 155, 168 [2010]). Therefore, the Supreme Court properly granted that branch of Vitanza's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it.

Vitanza satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence claims insofar as asserted against it by demonstrating that the injured plaintiff was injured, not by a dangerous condition, but by the manner in which he performed his work, and that it did not have the authority to supervise or control the performance of his work (*see Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *Richichi v Construction Mgt. Tech.*, 244 AD2d 540, 541-542 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Vitanza's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence claims insofar as asserted against it.

The plaintiffs' remaining contention is without merit. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.