In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), dated August 22, 2011, as denied that branch of her motion which was for leave to amend the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff’s motion which was for leave to amend the complaint is granted.
Following the death of the plaintiff’s decedent, Philomina Kelly (hereinafter the decedent), the plaintiff, as temporary administrator of the decedent’s estate, commenced a medical malpractice action against the defendants. On the eve of trial, the plaintiff cross-moved for leave to serve an amended complaint to add a cause of action alleging wrongful death. The Supreme Court denied the plaintiffs cross motion and, thereafter, the plaintiff was granted a mistrial. Prior to the second trial, the plaintiff moved, inter alia, for leave to amend the complaint to add a cause of action for wrongful death against the defendant Mercy Medical Center (hereinafter Mercy). The Supreme Court denied that branch of the motion which was for leave to amend the complaint on the ground that the court’s prior determination was the law of the case and, thus, it was precluded from reexamining the issue.
The doctrine of the law of the case does not bind appellate courts, and thus, this Court is not bound by the law of the case established by the prior determination (see Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510, 511 [2005]; Latture v Smith, 304 AD2d 534, 535 [2003]; Keith v Schulman, 265 AD2d 380 [1999]; Fabbricatore v Lindenhurst Union Free School Dist., 259 AD2d 659, 660 [1999]). Accordingly, this Court is free to consider *906 that branch of the plaintiff’s motion which was for leave to amend the complaint on the merits (see Padela v Rosen & Weidberg, 200 AD2d 722, 723 [1994]; Detko v McDonald’s Rests, of N.Y., 198 AD2d 208, 209 [1993]; Hoffman v Landers, 146 AD2d 744, 746 [1989]). Under the circumstances presented here, we conclude that leave to amend the pleading should be permitted.
Generally, leave to amend a pleading should be freely given when there is no significant prejudice or surprise to the opposing party and where the evidence submitted in support of the motion indicates that the proposed amendment may have merit (see CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Pike v New York Life Ins. Co., 72 AD3d 1043, 1047 [2010]). Here, in the aftermath of the court’s granting of a mistrial, Mercy failed to allege, much less show, surprise or prejudice resulting from the plaintiffs delay in asserting the wrongful death cause of action against it (see Edenwald Contr. Co. v City of New York, 60 NY2d at 959; Pike v New York Life Ins. Co., 72 AD3d at. 1047). Moreover, the proposed amended complaint, which sufficiently alleged that Mercy’s negligence caused the decedent to suffer injuries and ultimately death, was neither “palpably insufficient nor patently devoid of merit” (Kahan v Spira, 88 AD3d 964, 965 [2011]; see Lucido v Mancuso, 49 AD3d 220, 232 [2008]).
Mercy’s contention that the proposed amendment violated the two-year statute of limitations applicable to wrongful death causes of action (see EPTL 5-4.1) is improperly raised for the first time on appeal (see Wnetrzak v V.C. Vitanza Sons, Inc., 79 AD3d 939, 940 [2010]; Matter of Troy Sand & Gravel Co. v New York State Dept. of Transp., 277 AD2d 782, 783 [2000]).
Balkin, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.