---

(76 App. Div. 90.)

### In re SPOFFORD AVE.

(Supreme Court, Appellate Division, First Department. November 21, 1902.)

1. GREATER NEW YORK—ACQUISITION OF TITLE TO STREETS—COSTS OF PRO-
CEEDINGS—TAXATION—PRACTICE.

Where commissioners of estimate and assessment gave notice of taxation of costs and expenses in a proceeding by the city of New York to acquire title to a street, with affidavits attached showing that the charges were proper, and the corporation counsel presented in opposition his certificates, supported by a detailed statement, showing the amount of property involved, the number of witnesses examined, etc., it was error to permit the commissioners, under the guise of replying affidavits, to submit further affidavits, not in reply, but in corroboration of the case made in the moving papers, without giving the corporation counsel an opportunity to reply thereto.

Appeal from special term, New York county.

Proceedings to acquire title to Spofford avenue. From an order taxing fees and costs of commissioners of estimate and assessment, the city of New York appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John P. Dunn, for appellant.

J. Arthur Corbin, for respondent.

O'BRIEN, J.   In this proceeding the special term was called upon to determine what fees should reasonably be allowed the commissioners, and, upon the ground that the practice followed and the determination reached were erroneous, the city has appeared.   We deem it necessary only to advert to the practice which we think requires a reversal of the order.

Prior to making up their final report, the commissioners gave notice that their bill of costs would be presented for taxation in accordance with the provisions of section 999 of the Greater New York charter, as amended by chapter 466 of the Laws of 1901.   Pursuant to the same provisions of law, it is the duty of the corporation counsel to examine and audit the bill of costs.   To do this intelligently, it is, of course, necessary that he should be supplied with proof tending to show the necessity for the number of meetings claimed to have been had, in order to determine the reasonableness of the charges made. The commissioners' bill of costs, therefore, which, under the law, is to be taxed on notice, should be accompanied and supported by such proof.   The commissioners, recognizing the burden placed upon them, presented with their notice of taxation of costs the bill of costs, with affidavits of the commissioners showing publication and posting, and affidavits in addition that the charges were just and proper.   Dissatisfied, however, and under the power vested in him by law, the corporation counsel, after his examination and audit of the charges of the commissioners, presented in opposition his certificate, supported by a detailed statement showing the amount of property involved, the number of witnesses examined, the amount of testimony taken, and the number of meetings actually held, so far as these facts were within his knowledge.   Up to this point in the record, therefore, we have the notice of motion, and the affidavits of the commissioners upon which the motion was made, and the certificate of the corporation counsel and his statement in opposition.   Instead of determining the question upon this record, and without there being any new matter in the certificate of the corporation counsel requiring a reply, the commissioners were permitted to submit what are here designated as "replying affidavits," but which in fact were additional affidavits, directed solely to showing in a more detailed way that their statements contained in the moving papers were true.   In other words, under the guise of replying affidavits, they were permitted to strengthen their motion in chief.   These replying affidavits were neither served upon the corporation counsel, nor was any opportunity given to him to reply to them, although, among other things, the commissioners stated therein that much of the expense and increase in the number of the meetings resulted from requests made for adjournments by the representatives of the corporation counsel engaged in the proceeding.   We have frequently condemned this practice, and the last time in the case of Poillon v. Poillon (Oct. term) 78 N. Y. Supp. 323, wherein we said:

"The defects in the moving papers having been pointed out by defendant's counsel upon the argument of the motion, permission was given to the plaintiff to put in a replying affidavit. The affidavit was not in fact a replying affidavit, but was an attempt to make out a case which had not been done by the original papers; and the court should have so held, and refused to receive the same, or, if received, should have allowed the defendant to answer the allegations therein contained, and be heard thereon. He not only received the affidavit, but refused to permit defendant to reply to it. Manifestly, this was wrong, and it does not need argument to demonstrate it. It, in effect, deprived the defendant of his day in court. He has never been heard upon the real question."

The proper practice on motions is simple and well settled. The moving party has to present his case, and those who oppose have a right to present theirs, and it is only where the latter present new matter that the moving party has the right to reply. If the court is in doubt, however, upon the moving papers and those submitted in opposition, as to the merits, it is, of course, at liberty to require additional information to be furnished; but this cannot be done in such a way as to permit one side to bolster up its case without giving to the other side an opportunity to take part and be heard. Here no new matter was set forth in the papers presented by the city in opposition to the motion, and, if the court permitted the moving party to furnish new and additional affidavits in support of the original motion, then the opportunity should have been given the city to answer and be heard. The city should have more strenuously objected to the submission of the new affidavits, and, after they were received, should have applied for leave to meet them.

The order, accordingly, should be reversed, but, under the facts, without costs, and the motion remanded to the special term for a rehearing. All concur.