until the trial of this case, for believing that the plaintiff or any other person had incurred expense on behalf of the insured. The judgment must, therefore, be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

DALY, Respondent, v. DOUGAN, Appellant. (Supreme Court, Appellate Division, Second Department. October 17, 1902.) Action by William C. Daly against William J. Dougan. No opinion. Motion denied.

DANIELS, Respondent, v. BLAIR, Appellant. (Supreme Court, Appellate Division, Third Department. September 16, 1902.) Action by Amos G. Daniels against Mary E. Blair. No opinion. Motion denied, with $10 costs.

DAVIES et al. v. CLARK. (Supreme Court, Appellate Division, First Department. October 24, 1902.) Action by William G. Davies and another against Francis A. Clark. No opinion. Motion granted, with $10 costs.

DEUTSCHMANN v. METROPOLITAN ST. R. CO. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Annie Deutschmann against the Metropolitan Street Railroad Company. No opinion. Motion denied, upon payment of $10 costs.

DEVEREUX, Respondent, v. METROPOLITAN LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Kate Devereux against the Metropolitan Life Insurance Company. No opinion. Order affirmed, with $10 costs and disbursements.

DOHENY et al., Respondents, v. WORDEN, Appellant. SALT SPRINGS NAT. BANK OF SYRACUSE, Respondent, v. SAME, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Actions by George Doheny and others and by the Salt Springs Nat. Bank of Syracuse against Stewart Worden. No opinion. Motions for reargument granted, and cases set down for argument for Friday, October 10th, next.

DOWNER, Respondent, v. CARTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Action by Mary E. Downer, as etc., against Louisa D. Carter, impleaded, etc.

PER CURIAM. Order affirmed, with $10 costs and disbursements. *Held*, that the motion to compel the plaintiff to file security for costs must be regarded as having been made under section 3271 of the Code of Civil Procedure, and was, therefore, addressed to the discretion of the court, and, considering all the circumstances, such discretion was not improperly exercised. Section 3268 does not apply, as the plaintiff is not a nonresident within the meaning of the Code. See Pursley v. Rodgers, 44 App. Div. 139, 61 N. Y. Supp. 1015.

DRAKE HARDWARE CO., Respondent, v. WROUGHT IRON RANGE CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 18, 1902.) Suit by the Drake Hardware Company against the Wrought Iron Range Company. From an order restraining defendant from doing certain things, it appeals. Modified.

PER CURIAM. Held, without passing upon the sufficiency of the allegations of plaintiff's complaint upon this appeal, the same not having been demurred to, that the order appealed from should be modified, so as to read as follows: "It is hereby ordered that the said defendant, the Wrought Iron Range Company, and its agents, attorneys, servants, and all others acting in aid or assistance of it, and each and every of them, be, and they are hereby, restrained, prohibited, and enjoined, under the penalties of law prescribed, from preceding or following in close range any employé's team or teams of plaintiff with employé's team or teams, in such manner as to hinder, obstruct, harass, or intimidate plaintiff and its employés in the free use of the highway, and from in any other way occupying said highway in such manner as to hinder, obstruct, harass, or intimidate plaintiff and its employés in the free use thereof; except as hereinafter provided, from approaching and speaking to any actual or proposed customer or customers of the plaintiff, so long as said plaintiff's agents or servants are personally present and engaged in selling or negotiating the sale of a range or stove. and for the purpose of defeating a sale by the plaintiff, (this prohibition, however, not to interfere with any attempt by defendant or its agents, in any lawful, peaceful, and ordinary method, to persuade any person or proposed customer to buy its ranges, instead of plaintiff's); from resorting to any species of threats, intimidation, force, or fraud, or any conduct which would imply threats, intimidation, coercion, or force, for the purpose of preventing plaintiff from selling its stoves and ranges, and carrying on its business of selling stoves and ranges from wagons; from in any manner touching or interfering with the horses, wagons, harnesses, and property of plaintiff; and especially from procuring persons and proposed customers of plaintiff to reject its offers of sale of ranges by making counter offers of sale of defendant's ranges at lower prices and upon other more advantageous terms, and which orders, when received, defendant will not fill,"—and that, as so modified, said order be affirmed, without costs to either party as against the other.

DUANE, Respondent, v. RYAN, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by Mary Duane, as administratrix, etc., against Henry F. Ryan. No opinion. Judgment and order affirmed, with costs.

In re DUEL. (Supreme Court, Appellate Division, Third Department. September 16, 1902.) In the matter of the judicial settlement of the estate of Mary J. Duel, deceased. No

opinion. Decree of the surrogate unanimously affirmed, with costs against the appellant personally.

---

DURAN, Appellant, v. DURAN, Respondent. (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by Julia Duran against Joseph Duran. No opinion. Order reversed on argument, and proceedings remitted to special term for further hearing, without costs.

---

EARL, Respondent, v. SOMMER, Appellant. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Action by Sarah E. Earl, as administratrix of the goods, chattels, and credits of Susan E. Wheeler, against William Sommer. No opinion. Judgment reversed on argument, without costs, and the case remitted to the special term for trial of the issues of law.

---

In re EAST 182d ST. (Supreme Court, Appellate Division, First Department. November 21, 1902.) Motion by the commissioners of estimate and assessment for an order taxing fees and costs in a proceeding by the city of New York to acquire title to East 182d street. From a judgment in favor of petitioners, the city appeals. Reversed. John P. Dunn, for appellant. Charles A. Skidmore, for respondent Van Wyck. John J. Buckley, pro se.

PER CURIAM. For the reasons stated in the opinion in Re Spofford Ave. (herewith decided) 78 N. Y. Supp. 726, this order must be reversed, and the motion sent back for a rehearing at special term, without costs to either party on this appeal.

---

EGYPTIAN FLAG CIGARETTE CO., Appellant, v. COMISKY, Respondent. (Supreme Court, Appellate Term. June, 1902.) Action by the Egyptian Flag Cigarette Company against Charles Comisky. P. Tillinghast, for appellant. Aaron Morris, for respondent.

FREEDMAN, P. J. The following are the material facts in the case: On the 30th day of January, 1902, a judgment was rendered in the municipal court for the Second district, for the borough of Manhattan, in an action brought by Solomon Emanuel against the Egyptian Flag Cigarette Company (the plaintiff in this action), for the sum of $69.50. Thereafter execution was duly issued out of said court to Charles Comisky, a marshal of the city of New York (the defendant in this action), for levy. The said marshal duly levied upon the property of the defendant, in accordance with the provisions of said execution, and sold the said property, and realized from the sale thereof the sum of $163, and out of the proceeds of the sale satisfied the said judgment, amounting to the sum of $69.50, leaving a balance in his hands of $93.50; and this action was brought to recover the said balance remaining in his hands after the satisfaction of said execution, less the amount of the fees and costs which the said marshal was entitled to, and judgment was demanded for the sum of $90.50. The

marshal was entitled to fees as follows: Poundage on the judgment, $3.47; making levy, $1; advertising, $1; attending sale, $1; mileage, 6 cents,—total, $6.53. See Consol. Act, § 1710. The only question litigated on the trial was as to the right of the marshal to charge $36 for keeper's fees, and the error of the justice in allowing $3 for advertising and 50 cents for making inventory. The claim is made by the appellant herein that, because section 1710 of the consolidation act provides that "the said marshals shall perform all other services required of them by law, without fees or compensation whatever therefor, and no other fees, charges or compensation shall be allowed to, demanded or charged by any of said marshals," the defendant herein is not entitled to recover for keeper's fees, unless it was shown upon the trial that the plaintiff herein (the judgment debtor in the execution) agreed to pay such fees. This position seems to be well taken, and the defendant evidently took that view of the case upon the trial, as he attempted to prove a direction on the part of the plaintiff herein (the defendant in the execution) to him to put a keeper in charge of the property. The testimony introduced for that purpose was to the effect that Emanuel (the plaintiff in the execution) claimed to be a representative of the judgment debtor in the execution, and as such representative gave the defendant herein the above-mentioned direction. This testimony was not only hearsay and incompetent, but, Emanuel being the plaintiff in the prior action, was hostile to the defendant therein (the plaintiff herein), and it does not appear that he had any authority to bind the plaintiff herein. Section 1711 of the consolidation act provides that "all provisions of law in relation to the taking of property by sheriffs of counties shall apply to taking of property by the said marshals"; and section 3307, subd. 7, of the Code of Civil Procedure, provides, as to sheriff's fees, that "where a levy is upon a live animal, or speedily perishable property, such additional compensation [shall be paid him], for his trouble and expenses in taking care of and preserving the property, as the court or a judge thereof allows." These sections, if applicable to this case, are not available to the defendant herein, as there is no claim made by him that his fees or compensation for taking care of the property in this action was ever fixed by a court or judge. It follows, therefore, that the judgment must be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

FAITH, Appellant, v. ULSTER & D. R. CO., Respondent (two cases). (Supreme Court, Appellate Division, Third Department. September 9, 1902.) Actions by William J. Faith, as administrator, etc., of William J. Faith, Jr., deceased, against the Ulster & Delaware Railroad Company. No opinion. Orders affirmed, with $10 costs and disbursements.

---

FARMERS' LOAN & TRUST CO. v. KLEIN et al. (Supreme Court, Appellate Division, First Department. October 17, 1902.)