■ HERMAN HELD, Respondent, v IVAN KAUFMAN et al., Appellants. [657 NYS2d 82] —In an action, inter alia, to recover damages for fraud, the defendants appeal from an order of the

Supreme Court, Queens County (Satterfield, J.), entered March 5, 1996, which denied their motion, *inter alia*, to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), and granted the plaintiff's cross motion to strike the defendants' reply papers to the extent of refusing to consider those arguments of the defendants which were raised for the first time in their reply papers.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, the cross motion is denied, and the complaint is dismissed.

In response to defendants' pre-answer motion, *inter alia*, to dismiss the complaint, the plaintiff submitted an affidavit in opposition in which he alleged several notable new facts not mentioned in his complaint. As a result, the defendants, in their reply affirmation, sought dismissal based upon the new facts submitted by the plaintiff. Thus, the plaintiff alleged in his affidavit in opposition that his deceased friend Morris Kaufman—the father and husband of the two individual defendants and the founder of the corporate defendants' predecessor—had allegedly promised the plaintiff in 1982 a 6% share in the profits of a business that Kaufman did not get around to incorporating until 1983. In their reply affirmation, the defendants correctly argued that such an alleged "promise" was void for indefiniteness (*see, e.g., United Press v New York Press Co.*, 164 NY 406; *cf., Banker's Trust Co. v Steenburn*, 95 Misc 2d 967, *affd* 70 AD2d 786). The plaintiff further alleged in his affidavit in opposition that his purported 6% interest in the defendants' corporation was never memorialized in any writing, to which the defendants correctly countered in their reply affirmation that this constituted a violation of UCC 8-319. Finally, to the plaintiff's allegation that the defendant Ivan Kaufman had never acknowledged the plaintiff's claim (as the plaintiff represented Kaufman had done in his complaint), but rather expressly *rejected* it in 1988, the defendants correctly noted that the instant action, commenced in 1995, was barred by the Statute of Limitations (*see*, CPLR 213 [2]).

The Supreme Court refused to consider the defendants' contentions regarding the Statute of Frauds and the Statute of Limitations because these arguments had been raised for the first time in the defendants' reply affirmation and because their tardy appearance would arguably violate the "one motion rule" of CPLR 3211. We disagree.

Normally, where the defendants have made a pre-answer motion to dismiss a complaint pursuant to CPLR 3211, an opposing affidavit from the plaintiff will be considered only for

the limited purpose of remedying defects in the complaint. However, where, as here, the plaintiff's submissions "conclusively establish that he has no cause of action", the complaint should be dismissed (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636; *SRW Assocs. v Bellport Beach Prop. Owners*, 129 AD2d 328). The plaintiff was not prejudiced by the defendants' raising of new theories in their reply papers, as the motion was adjourned, with the court's permission, to give the plaintiff an opportunity to respond, and the plaintiff in fact fully opposed the defendants' amplified application in a lengthy sur-reply (*see, e.g., Blumstein v Menaldino*, 144 AD2d 412, 413; *see also, HCE Assocs. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, 774-775; *Farkas v Tarrytown Lbr.*, 133 AD2d 251, 253-254; *Russell v Trask Co.*, 125 AD2d 136; *Matter of Spofford Ave.*, 76 App Div 90; *Poillon v Poillon*, 75 App Div 536; *cf., Dannasch v Bifulco*, 184 AD2d 415; *Ritt v Lenox Hill Hosp.*, 182 AD2d 560). Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.