■ In the Matter of TRIDENT REALTY L.P., Appellant, v PLANNING BOARD OF THE INCORPORATED VILLAGE OF EAST HAMPTON, SUFFOLK COUNTY, Respondent. [669 NYS2d 873] —In related proceedings pursuant to CPLR article 78 to review two resolutions of the Planning Board of the Incorporated Village of East Hampton, dated July 25, 1996, and September 26, 1996, respectively, which granted subdivision approvals to Hedgerow Associates, L.P., the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Mullen, J.), entered March 3, 1997, in each proceeding, as dismissed the first proceeding as premature, and denied the petition and dismissed the second proceeding, upon a determination, *inter alia*, that the resolution of the Planning Board was not illegal.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed the first petition as premature since the vote of the respondent Planning Board of the Incorporated Village of East Hampton (hereinafter the Planning Board) dated July 25, 1996, did not constitute a final determination (*see*, CPLR 7801 [1]). The second petition also was properly dismissed since the record does not support the petitioner's contention that the resolution of the Planning Board dated September 26, 1996, granting subdivision approval to Hedgerow Associates, L.P., was illegal.

The petitioner's contention that the Planning Board lacked the authority to consider cluster developments is precluded from judicial review as that contention was not raised at the administrative level (*see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.*, 74 NY2d 833, 834; *Matter of Klapak v Blum*, 65 NY2d 670, 672; *Matter of Buffolino v Board of Zoning & Appeals*, 230 AD2d 794, 795). Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.