■ In the Matter of NEW YORK ENVIRONMENTAL LAW AND JUSTICE PROJECT, Respondent, v CITY OF NEW YORK, Appellant. [730 NYS2d 285] —Judgment, Supreme Court, New York County (Kibbie Payne, J.), entered on or about June 2, 2000, which granted this Freedom of Information Law petition to the extent of directing the Office of Emergency Management to determine whether certain records exist pertaining to the City's spraying of Malathion and other pesticides in the fall of 1999 and, if they do, provide them to petitioner or indicate why they cannot be made available, unanimously reversed, on the law, without costs, the application denied, and the petition dismissed.

Seeking to respond to petitioner's request for records relating to the spraying of Malathion and other pesticides, the Office of Emergency Management (OEM) informed petitioner that it only had records responsive to 2 of the 11 categories of documents sought. This proceeding seeking to compel OEM to provide the remaining documents ensued. Contrary to the conclusion reached by Supreme Court, we conclude that petitioner failed to establish a basis for relief.

As developed by respondent's submissions to this proceeding, OEM explained that a diligent search of its records had been conducted and that, after interviews with various OEM staff members, OEM determined that it had no other documents responsive to petitioner's request. In view of this, and notwithstanding petitioner's speculative claims to the contrary, there was no demonstrable basis to support a finding that further documents responsive to petitioner's request were in OEM's possession (*see, Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 279; *Matter of Corbin v Ward*, 160 AD2d 596, *lv denied* 76 NY2d 706). To the extent that there may be responsive documents in the possession of other agencies, petitioner's Freedom of Information Law request was directed to OEM and it was not required to provide documents that were not in its possession and control. Accordingly, the petition should have been denied. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.