■ In the Matter of BRIAN KEARNEY et al., Respondents, v VILLAGE OF COLD SPRING ZONING BOARD OF APPEALS, Appellant. [920 NYS2d 379]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Cold Spring Zoning Board of Appeals dated September 10, 2009, which, after a hearing, denied the petitioners' application for area variances, the appeal is from (1) an order of the Supreme Court, Putnam County (O'Rourke, J.), dated December 7, 2009, which granted the petition, and (2), a judgment of the same court dated December 21, 2009, which granted the petition, annulled the determination, and directed the Village of Cold Spring Zoning Board of Appeals to issue the requested variances and to issue findings that the subject property was exempt from certain zoning requirements.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the order must be dismissed, as no appeal lies as of right from an interlocutory order entered in a proceeding pursuant to a CPLR article 78 proceeding (see CPLR 5701 [b] [1]), and we decline to grant leave to appeal in view of the fact that a final judgment has been entered. The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The petitioners are the owners of an approximately 10,000-square-foot parcel of real property in the Village of Cold Spring, Putnam County. The property is included in an industrial zoning or "I-1" district. While residential development is permitted within an I-1 district, the Village zoning code requires a minimum lot area of 40,000 square feet for such development.

In July 2007 the petitioners sought a permit to build a single-family residence on the subject property. That permit application was denied by the Building Inspector. The petitioners then submitted an application to the Village of Cold Spring Zoning Board of Appeals (hereinafter the ZBA), seeking variances from the dimensional requirements of the I-1 district. The ZBA denied the petitioners' application for variances.

The petitioners subsequently commenced this proceeding pursuant to CPLR article 78 challenging the ZBA's determination. The Supreme Court concluded that the I-1 district's dimensional

requirements did not apply to the subject lot, under a certain exception in the Village zoning code referred to by the parties and the court as the "small lot exception" (*see* Cold Spring Village Code § 134-17 [E]). The Supreme Court also found that the ZBA's decision to deny the variances was arbitrary and capricious. Accordingly, the Supreme Court granted the petition, annulled the ZBA's determination, and directed the ZBA to issue a finding that the "small lot exception" applies to the subject property and to grant the requested variances. The ZBA appeals.

The Supreme Court erred in considering the petitioners' claim that their property was exempt, under the "small lot exception" to the zoning code, from the dimensional requirements prescribed by the zoning code for residential development in I-1 districts. A petitioner may not raise new claims in a proceeding pursuant to CPLR article 78 that were not raised at the administrative level (*see Matter of Klapak v Blum*, 65 NY2d 670, 672 [1985]; *Matter of Emrey Props., Inc. v Baranello*, 76 AD3d 1064, 1067 [2010]; *Matter of Trident Realty v Planning Bd. of Inc. Vil. of E. Hampton, Suffolk County*, 248 AD2d 545 [1998]). Further, "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency in making its decision" (*Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 77 AD3d 831, 832 [2010]; *see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]). Here, while the petitioners communicated their opinion to the ZBA that they did not require variances because their property was exempt from the I-1 district's dimensional requirements under the "small lot exception," they expressly advised the ZBA at the public hearing held on February 19, 2009, that they were "not asserting in the context of this proceeding here that [they were] entitled to apply the small lot exception," but, rather, were merely seeking variances. Consequently, the ZBA's findings and decision were limited to the question of whether the petitioners were entitled to variances, and did not address the question of whether the property was exempt from the I-1 district dimensional requirements. Accordingly, the petitioners' claim that their property was so exempt is "precluded from judicial review" (*Matter of Emrey Props., Inc. v Baranello*, 76 AD3d at 1067 [internal quotation marks omitted]; *see Matter of Klapak v Blum*, 65 NY2d at 672; *Matter of Trident Realty v Planning Bd. of Inc. Vil. of E. Hampton, Suffolk County*, 248 AD2d 545 [1998]).

The Supreme Court further erred in determining that the ZBA's denial of the requested variances was arbitrary and capri-

cious. Local zoning boards have "broad discretion in considering applications for area variances" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "The judicial function in reviewing such determinations is limited and a reviewing court should refrain from substituting its own judgment for the judgment of the zoning board" (*Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach*, 79 AD3d 874, 877 [2010]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613). Thus, "[c]ourts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *see Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach*, 79 AD3d at 877).

Here, the ZBA had a rational basis for denying the variances. The requested variances, which would allow the construction of a single-family home on a lot one-quarter the size of that required by the zoning code, were substantial, and the petitioners' difficulty was self-created, as they were aware of the zoning code's restrictions before taking title to the property (*see* Village Law § 7-712-b [3] [b] [3], [5]; *Matter of Pietrzak & Pfau Assoc., LLC v Zoning Bd. of Appeals of Town of Wallkill*, 34 AD3d 818 [2006]). Further, the ZBA " 'was entitled to consider the effect its decision would have as precedent' " (*Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1147 [2009], quoting *Matter of Gallo v Rosell*, 52 AD3d 514, 516 [2008]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 615; *Matter of Kaiser v Town of Islip Zoning Bd. of Appeals*, 74 AD3d 1203 [2010]). In this respect, the ZBA rationally concluded that granting the variances could set a negative precedent within the neighborhood, and serve as a catalyst for like applications on similarly situated lots, thereby effectively negating the status of the industrial zoning district.

Accordingly, the petition should have been denied and the proceeding dismissed on the merits.

The parties' remaining contentions need not be addressed in light of our determination. Skelos, J.P., Eng, Austin and Cohen, JJ., concur.