In the Matter of SOLUTIONS ECONOMICS, LLC, Appellant, v LONG ISLAND POWER AUTHORITY, Respondent, and ABB, INC., Intervenor-Respondent. [948 NYS2d 100]—

Pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), the petitioner, Solutions Economics, LLC (hereinafter SE), sought disclosure of certain documents submitted to the respondent, Long Island Power Authority (hereinafter LIPA), in response to its requests for proposals for its Long Island Cable Replacement project (hereinafter the LIRC project). In accordance with Public Officers Law § 89 (5), LIPA notified the companies which had submitted proposals that they would be given an opportunity to request continued confidential treatment of their submissions. Massachusetts

Electric Construction Company (hereinafter Mass Electric) and its subcontractor, the intervenor ABB, Inc. (hereinafter ABB), sought continued confidential treatment for portions of Mass Electric's proposal. After reviewing these requests, LIPA agreed that continued confidential treatment was warranted and advised SE of its determination. SE challenged that determination in an administrative appeal, which LIPA denied.

SE sought judicial review of LIPA's determination via this CPLR article 78 proceeding. In the course of opposing this proceeding, LIPA produced several additional documents. Purportedly on the basis of new information revealed by these documents, SE, in its reply, raised the new contention that, in responding to its FOIL request, LIPA was required to search not only the documents it held, but also those created or held by Northeast Utilities Service Company (hereinafter NUSCO), which conducted procurement for the LIRC project on LIPA's behalf. LIPA objected that this contention was improperly raised for the first time in reply. The Supreme Court concluded that LIPA had properly determined that the information SE requested was entitled to continued confidential treatment and declined to consider SE's argument regarding NUSCO on the ground that it was untimely raised.

On appeal, SE has abandoned the majority of its claims and now seeks disclosure only of "pricing information" submitted by Mass Electric and ABB and withheld by LIPA at the request of Mass Electric and ABB. However, it still contends that LIPA was required to search not only its own records, but those created by NUSCO on its behalf or held by NUSCO for LIPA.

Although SE's request for "pricing information" was arguably within the scope of SE's initial FOIL request and its administrative appeal, it failed to raise this claim before the Supreme Court. Thus, this issue is not properly before this Court (*see Matter of Cohn*, 46 AD3d 680, 681 [2007]; *Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986]). To the extent that SE continues to contend that LIPA improperly withheld other financial data submitted by Mass Electric, or that it failed to conduct a diligent search, these contentions are without merit (*see Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]; *Matter of Livingston v Hynes*, 72 AD3d 968, 968-969 [2010]; *Matter of Curry v Nassau County Sheriff's Dept.*, 69 AD3d 622 [2010]; *Matter of New York Envtl. Law & Justice Project v City of New York*, 286 AD2d 307 [2001]; *Matter of Glens Falls Newspapers v Counties of Warren & Washington Indus. Dev. Agency*, 257 AD2d 948, 950 [1999]; *Matter of Sorce v Noll*, 250 AD2d 770 [1998]).

With respect to documents held by NUSCO, the Supreme Court properly determined that SE's argument was not properly before it because it was not raised in either its administrative appeal (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]; *Matter of Klapak v Blum*, 65 NY2d 670, 672 [1985]; *Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals*, 83 AD3d 711, 713 [2011]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 77 AD3d 831, 832 [2010]; *Matter of Emrey Props., Inc. v Baranello*, 76 AD3d 1064, 1067 [2010]; *Matter of Trident Realty v Planning Bd. of Inc. Vil. of E. Hampton, Suffolk County*, 248 AD2d 545 [1998]) or in its petition (*see Goldman v A&E Club Props., LLC*, 89 AD3d 681, 683 [2011]; *Kearns v Thilburg*, 76 AD3d 705, 708 [2010]; *Matter of Allstate Ins. Co. v Dawkins*, 52 AD3d 826, 827 [2008]; *Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola*, 309 AD2d 804, 806 [2003]). Contrary to SE's contention, neither our decision in *Held v Kaufman* (238 AD2d 546, 547-548 [1997]), nor that of the Court of Appeals in the same case (*Held v Kaufman*, 91 NY2d 425, 430 [1998]), dictates a contrary outcome. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.