Matter of Jewish Press Inc. v New York City Police Dept. (2023 NY Slip Op 05098)

Matter of Jewish Press Inc. v New York City Police Dept.

2023 NY Slip Op 05098

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Index No. 155798/21 Appeal No. 742 Case No. 2022-04285 

[*1]In the Matter of The Jewish Press Inc., Petitioner-Appellant,
v
New York City Police Department, Respondent-Respondent.

Aron Law, PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Josh Liebman of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (William Franc Perry, J.), entered on or about September 12, 2022, to the extent appealed from as limited by the briefs, denying the petition brought pursuant to CPLR article 78 to the extent it seeks costs and attorneys' fees, unanimously affirmed, without costs.
The court properly denied petitioner an award of costs and attorneys' fees, as petitioner failed to establish that respondent lacked a "reasonable basis" for denying petitioner's Freedom of Information Law (FOIL) request (see Public Officers Law § 89[4][c][ii]; Matter of Aron Law PLLC v New York City Police Dept., 217 AD3d 620 [1st Dept 2023]). The information sought by petitioner — a FOIL "log for the past two years, reflecting whatever information you track regarding [FOIL] requests, preferably in [E]xcel format" — was not maintained by respondent, and respondent was not required to create a new record in order to comply with the request (see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464 [2007]). Although respondent ultimately responded with the information after the commencement of this CPLR article 78 proceeding, those Excel files were newly generated from information exported from the Open Records Portal maintained by an outside agency, which respondent was under no obligation to provide (see Matter of New York Envtl. Law & Justice Project v City of New York, 286 AD2d 307, 307 [1st Dept 2001]).
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023