Matter of FDNY Local 2507, DC-37, AFSCME v City of New York (2025 NY Slip Op 01867)

Matter of FDNY Local 2507, DC-37, AFSCME v City of New York

2025 NY Slip Op 01867

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Index No. 160063/17|Appeal No. 3978|Case No. 2023-04900|

[*1]In the Matter of FDNY Local 2507, DC-37, AFSCME, et al., Petitioners-Respondents-Appellants,
v
The City of New York, et al., Respondents-Appellants-Respondents.

Muriel Goode-Trufant, Corporation Counsel, New York (Susan Paulson of counsel), for appellants-respondents.
The Kurland Group, New York (Erica T. Healey-Kagan of counsel), for respondents-appellants.

Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 16, 2023, which, inter alia, granted the petition brought pursuant to CPLR article 78 to annul determinations of respondent Department of Citywide Administrative Services (DCAS), dated July 10, July 17, and October 11, 2017, denying petitioners' requests for records pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), directed DCAS to produce certain records, and denied the petition to annul a determination of respondent Fire Department of the City of New York (FDNY), dated September 15, 2017, denying petitioners' request for certain other records, unanimously modified, on the law, to the extent of denying the petition with respect to the DCAS requests, and otherwise affirmed, without costs.
Petitioner submitted FOIL requests to DCAS seeking "[a] list containing the name, race, gender, current salary, current job title, city start date, salary on city start date, [and] title start date, of all employees of" several City agencies over a period of 10 years. DCAS's denial of the request was not "affected by an error of law" (Matter of Oustatcher v Clark, 217 AD3d 478, 479 [1st Dept 2023] [internal quotation marks omitted], lv denied 40 NY3d 908 [2023]).
The court improperly ordered DCAS to produce information possessed by another agency, the Financial Information Systems Agency (FISA). FOIL does not require an agency "to prepare any record not possessed or maintained by" that agency (Public Officers Law § 89[3][a]). DCAS's witness gave unrebutted testimony that several of the eight categories of requested information are maintained in a separate database by FISA, not DCAS. Accordingly, DCAS is "under no obligation to provide" that information (Matter of Jewish Press Inc. v New York City Police Dept., 220 AD3d 465, 466 [1st Dept 2023], lv denied 41 NY3d 909 [2024]; see also Matter of New York Envtl. Law & Justice Project v City of New York, 286 AD2d 307, 307 [1st Dept 2001]).
The court also improperly required DCAS to undergo a process that would constitute the creation of a new record (see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464-465 [2007]; Public Officers Law § 89[3][a]). DCAS's witness provided testimony that compliance with the request would require a multi-step process involving writing requirements for searches and for extracting data from three databases, reviewing the data for accuracy and completeness, developing code to "convert" the raw "transactional" data into "time series" or "status" data, and then aggregating and otherwise cleaning up the information into a report. Her testimony was consistent with her affidavit describing the process and estimating that, while the discrete step of extracting the raw data from DCAS's database would take only four hours, "the staff time required for the production of the requested reports" as a whole "is not less than 150 to 158 hours."
This Court has held [*2]that a similar "transformation process" necessary to compile an analogous list of City employee information "would entail much more than a 'simple manipulation of the computer . . . to transfer existing records'" and would therefore constitute the creation of a new record (Matter of United Probation Officers Assn. v City of New York, 187 AD3d 456, 457 [1st Dept 2020], quoting Matter of Data Tree, 9 NY3d at 465). "[T]here is no fair interpretation of the [testimony] that can support" the court's findings that the total process would take only four hours or that this case is distinguishable from our previous holding (Matter of Boggs v New York City Health & Hosps. Corp., 132 AD2d 340, 362 [1st Dept 1987], appeal dismissed 70 NY2d 972 [1988]).
Petitioners also sought from FDNY "all records[] pertaining to cases initiated by the Bureau of Investigations and Trials ('BIT[S]') . . . , including . . . [t]he number and details of all BIT[S] cases initiated against members of the FDNY, with a breakdown of each case identified by: [c]ase number; [b]ureau . . . ; [i]nfractions charged; [r]ace of charged party; [g]ender of charged party; [d]isposition of the case; and [d]iscipline imposed on charged party."
The court properly concluded that compliance with this request would constitute the creation of a new record. FDNY's witness gave unrebutted testimony that the database containing BITS case records does not contain race and gender information, and that, to match BITS information with employees' races and genders contained in an independent database, FDNY staff would have to engage in a multi-step process to pull the BITS data, "massag[e]" it to match the other system, import the data, then run queries to find matches, which would yield incomplete and likely inaccurate results. This "transformation process . . . would entail much more than a simple manipulation of the computer . . . to transfer existing records" in ways that are not meaningfully distinguishable from Matter of United Probation Officers Assn. (187 AD3d at 457 [internal quotation marks omitted]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025